**Denis H. WRIGHT, Plaintiff,**

**v.**

**UNITED STATES of America,
Defendant,**

**v.**

**Constance WILLIAMS, Third-Party
Defendant.**

**Civ. No. N–82–143 (PCD).**

United States District Court,
D. Connecticut.

Nov. 16, 1983.

Stephen G. Friedler, New Haven, Conn., for plaintiff.

Linda Lager, Asst. U.S. Atty., New Haven, Conn., for defendant.

## MEMORANDUM OF DECISION

DORSEY, District Judge.

Plaintiff claims damages under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. §§ 2671, *et seq.*,[1] for personal injuries,[2] allegedly arising out of an accident involving his motorcycle and a jeep of the United States Postal Service. Jurisdiction is found.

For the reasons set forth below, judgment may enter as follows:

1. For the plaintiff, on the Complaint, in the amount of Six Thousand One Hundred Seventy-three Dollars and Eight Cents ($6,173.08).

2. For the defendant, in the total amount of Five Hundred Eighty-nine Dollars and Sixty-seven Cents ($589.67). The specific liability therefore to be as follows: on the counterclaim in the amount of Two Hundred Ninety-four Dollars and Eighty-four Cents ($294.84) from the plaintiff and on the cross-claim in the amount of Five Hundred Eighty-nine Dollars and Sixty-seven Cents ($589.67) from the third-party defendant, Constance Williams, against whom a default for failure to appear having previously entered[3], for a total recovery not to exceed Five Hundred Eighty-nine Dollars and Sixty-seven Cents ($589.67).

## FACTS

The following facts are found after a bench trial on November 8, 1983:

1. On July 10, 1980, Blake Street was a two-lane public highway for north and southbound traffic in New Haven. Stone Street was then a public one-way highway for westbound traffic, intersecting the west side of Blake Street, thereby forming a "T" intersection.

2. At or about 12:15 p.m., David Bujalski (Bujalski) was operating a United States Postal Service (P.S.) jeep in a northerly direction on Blake Street, approaching the intersection with Stone Street. He was then acting in the course of his employment by the P.S. His intention was to turn left onto Stone Street.

3. Theresa Groves (Groves) was then operating her motor vehicle in a southerly direction on Blake Street and, from a point northerly of the intersection with Stone Street, viewed the accident which occurred.

4. Frank Jackson and Kevin Jackson, friends of the plaintiff, were the operator of and passenger on a motorcycle which was headed in a northerly direction and preceding the plaintiff. They approached the P.S. jeep from the rear, passed it on its

---

**1.** The original Complaint named, as the defendant, the United States Postal Service. In the face of a Motion to Dismiss, the plaintiff filed an Amended Complaint naming as defendant the United States of America, thus complying with 28 U.S.C. §§ 2671 and 2679(a). *Myers & Myers, Inc. v. U.S. Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir.1975).

**2.** No claim for property damage is asserted by the plaintiff. The government originally in a "counter-claim" against the plaintiff and later in a "cross-claim" solely against a "third-party defendant," Constance Williams, the alleged owner of the motorcycle operated by the plaintiff, asserted a claim for damages to the Postal Service.

**3.** A third-party claim was filed, but no appearance was entered on behalf of the third-party defendant, Constance Williams, and a default was entered against her on April 20, 1983. Rule 55(a), F.R.Civ.P.

left, and, after returning to the northbound lane, passed Groves. Both claimed to have observed the accident, the operator by use of the mirror and the passenger by looking over his shoulder.

5. Bujalski was moving quite slowly in the northbound lane, closer to the curb, and after the Jacksons passed him (without his observing them until they were in fact well in the process of doing so) pulled to his right slightly and then made a left turn. If he activated his left turn signal at all, it was not until he was within 20 to 30 feet of the intersection. As he cut the corner in the process of making the turn, he crossed the center line of Blake Street before he actually reached the intersection, Bujalski provided no significant warning of his intention to turn left before he actually commenced the turn. Bujalski did not stop the jeep on Blake Street before he turned, even though the plaintiff's evidence, which was seriously in question in this regard, was to the contrary and further even though the defendant's third-party complaint (paragraph 3) so alleges.

6. Plaintiff was on his motorcycle proceeding northerly on Blake Street, a short distance behind the Jacksons, at a speed not significantly greater than Bujalski. He went to the left of Bujalski by reason of the jeep's slow speed, not because it had stopped. He gave no warning of his maneuver by horn or other signal.

7. As plaintiff was about to pass the jeep, Bujalski turned to his left and the right side of the motorcycle and the left rear side of the jeep were in contact.

8. The contact took place in the southwest quadrant of the intersection. The jeep continued in a northwesterly line and came to rest over the curb at the northwest corner of the intersection. Plaintiff and his motorcycle fell to the pavement close to the southwesterly corner of the intersection.

9. Plaintiff sustained a compression fracture of the C-6 vertebrae, a painful injury requiring a substantial period of immobilization for healing purposes. Also sustained were multiple abrasions and bruises of the head, face, knee, shoulder and back. Two minor residual scars were located within the hairline and at the knee. No functional disruption resulted to any part of the body.

10. Plaintiff was treated at Yale New Haven Hospital for two days after the accident, consisting largely of observation, testing and examinations. On discharge, he was referred to the orthopedic clinic but did not see fit to follow that source of medical care. He saw a private doctor on four occasions, completing his formal medical treatment within four weeks of the accident. His medical expenses were:

| | |
|---|---:|
| Yale University—Dr. Friedlander | $ 100.00 |
| Dr. Liebowitz | 150.00 |
| Yale Diagnostic Radiology | 32.00 |
| Yale New Haven Hospital | 967.15 |
| Ambulance | 97.00 |
| Total | $ 1,346.15 |

11. Plaintiff was employed at the time of the accident in an under-the-table job earning $150.00 per week. While he claims he did not work for the better part of two years after the accident, there is no medical evidence to substantiate a finding of impairment of his earning capacity for more than four weeks, a net loss of approximately $500.00.

12. Plaintiff's physical capacity for exacting types of activity was probably reduced substantially after the accident but there was no medical evidence of particular residual permanent disability.

### Conclusion

■ 13. Plaintiff was negligent in a manner which constituted a proximate cause of the accident and his injuries in that, notwithstanding the slow speed of the postal service jeep:

(a) He passed a moving vehicle in a location where passing was prohibited and in the immediate vicinity of an intersection. Conn.Gen.Stat. §§ 14–289b, 14–234 and 14–235.

(b) He gave no warning of his intention to pass, having in particular mind the lack

of justifiable certainty as to the probable movement of the jeep.

■ 14. Bujalski was negligent in a manner which constituted a proximate cause of the accident and plaintiff's injuries in that:

(a) He failed to keep a proper lookout and thus had no knowledge of plaintiff's presence nor his movements prior to the collision, a contingency of which he reasonably should have considered. The prior passing of his vehicle by the Jacksons as well as the slow speed of the jeep should have flagged to his attention the risk that just such a movement as the plaintiff ultimately made might occur.

(b) He failed to give a turn signal that would permit sufficient advance warning of his intention to turn. Conn.Gen.Stat. § 14–242(a), (b).

(c) He turned to the left shortly before reaching the intersection, thus crossing the center line of Blake Street to the south of the intersection, at a point where one would not normally anticipate a turn to be made.

■ 15. The negligence of the plaintiff constituted 50% of the negligence which comprised the proximate cause of the accident and the plaintiff's injuries. The negligence of Bujalski constituted 50% of the negligence which comprised the proximate cause of the accident and the plaintiff's injuries. Conn.Gen.Stat. § 52–572h.

■ 16. Plaintiff's damages for his proven injuries, medical expenses, pain and suffering, disability and impairment of his earning capacity was in the amount of Twelve Thousand Three Hundred Forty-six Dollars and Fifteen Cents ($12,346.15).

■ 17. Defendant's property damage was in the amount of Five Hundred Eighty-nine Dollars and Sixty-seven Cents ($589.67).

Plaintiff shall recover of the defendant the sum of Six Thousand One Hundred Seventy-three Dollars and Eight Cents ($6,173.08).

Defendant shall recover a total of Five Hundred Eighty-nine Dollars and Sixty-seven Cents ($589.67): the plaintiff to be liable for the sum of Two Hundred Ninety-four Dollars and Eighty-four Cents ($294.84); the third-party defendant, Constance Williams, to be liable for Five Hundred Eighty-nine Dollars and Sixty-seven Cents ($589.67).

Judgment may enter accordingly.

SO ORDERED.